## State of Missouri, etc., v. Tiedermann.

*(Circuit Court, E. D. Missouri.  October, 1881.)*

1. Building Contract—Public Buildings not Subject to Mechanic's Liens
   —Removal of Cause—Surety not Bound by Judgment against Princi-
   pal after Removal.

   Where the contract of the surety was that his principal should furnish the
   material and build a public school-house for $15,000, and suits were brought on
   claims for mechanics' liens on the building, in which judgments were rendered
   against the school board and the principal, and the amounts paid upon these
   liens were in excess of the $15,000, *held*, the records of these judgments are
   inadmissible as evidence, for under the law of Missouri there can be no valid
   mechanics' lien upon a public school building; and the surety was not bound
   by the adjudications in which the judgments were obtained, because rendered
   in a state court after he had removed so much of the controversy as was be-
   tween himself and the plaintiff to the circuit court of the United States under
   the provisions of the removal act of July 27, 1866, (14 St. at Large, 306.)

McCrary, C. J.  On the question argued and submitted yesterday
I am prepared to announce the conclusion reached by the court.  The
liability of this defendant is that of a surety only.  The contracts of
sureties, as we all very well understand, are to be construed strictly
in favor of the surety.  The contract of this party was, in substance,
that his principal should carry out, in good faith, the provisions of
the contract for the building of a public school-house.  Briefly stated,
that contract was that he would furnish the material and build the
school-house for $15,000 within a certain specified time.  The present
question is whether the surety can be charged as liable, upon his con-
tract of suretyship, for certain claims of mechanics' liens against the
public school building, upon which suits were brought, and in which
suits judgments were rendered against the school board and against
the principal establishing the mechanics' liens.  The plaintiff pre-
sents here the records of these judgments and offers them in evidence.
The amounts paid upon these mechanics' liens was in excess of the
$15,000 for which the building was to have been constructed and
completed.  The supreme court of Missouri, in the other branch of
this case, held that the principal was liable on this account to refund
the amount which was paid out by the board to settle these claims
which are spoken of here as mechanics' liens.  It does not, however,
follow that the surety is liable for that to the same extent.  The
supreme court may have held that, as against the principal, the
mechanics' liens were established by an adjudication, and that neither
the board of education nor Mr. Diedrich Tiedermann, the principal

on this bond, could question the validity of those judgments; or it may have been of opinion that this was money advanced for the use and benefit of the contractor, the principal, by the school board, and that he ought to be held to refund it. However that may be, the surety was not in court at that time, he was not a party to this proceeding by which the mechanics' liens were established, he was not the contractor, he had not made this indebtedness, and he can only be held upon the ground that it was an indebtedness created in violation of his obligation of suretyship. This can be only held on the ground that it was a valid mechanics' lien established upon the property, because the contractor failed to keep his contract and pay for the material that he used in the construction of the building. The law of Missouri, as established by repeated decisions, is that there can be no such thing as a mechanics' lien upon a public school building. That is the construction of the statute of this state repeatedly adopted by the supreme court of the state, and it is binding upon this court, and it is, in our judgment, perfectly sound, independent of any adjudication. The surety here has a right to raise this question now, for it has never been raised where he was a party; he has a right to say and insist that the school board was not bound, as against him, to pay these claims for mechanics' liens, and that if they did so, so far as he is concerned, it was a voluntary payment of a claim for which he was not liable. Of course, it will not be insisted that the surety upon the bond is liable for an overpayment to the principal. The surety can only be held upon the ground, as I have already said, that this was a valid mechanics' lien upon the school building, which the board was bound to pay for the purpose of protecting their property. As the present defendant has a right now, for the first time, to raise the question whether this was a valid mechanics' lien and an encumbrance upon the school building, and as he has raised it, we feel bound to hold that it was not; that the payment, so far as the surety is concerned, was a voluntary payment. The objection to this evidence must, therefore, be sustained.

Upon reflection I am very clearly of the opinion that this defendant, as surety on the bond, has a right to a settlement of his liability upon his bond under the contract, and is entitled to whatever right he would have had if he had been present at a settlement under the contract at the time that the building was delivered over, or at any other time. The rights that his principal had against this plaintiff under the contract he has a right to avail himself of as a defence in this case, the same as if he had been present and had insisted upon

all his rights at such a settlement. The ruling, therefore, that has already been made in the case is conclusive of this question. The payment of the mechanics' lien claims was outside of and beyond the contract. Perhaps, as between the plaintiff here and the principal on the bond, the plaintiff could pay those claims and charge them to the principal in their settlement with him. At all events, after there was a judgment upon them that concluded them both, they had a right to act upon the hypothesis that they were valid, and that the board was bound to pay them; but we have found, upon investigation, that they were not valid claims, and that their payment did not bind this defendant as surety. I think, therefore, that the objection to the evidence now offered must be sustained.

It will be unnecessary to go into a discussion of the long line of cases upon the general subject of *res adjudicata*, as to how far parties and privies are bound by the judgments of courts of general jurisdiction, because this case is one of a class of its own and stands by itself. The act of congress provides, or did provide—for I think that act is now repealed by the latter act on the subject, and I am very glad that it is—for splitting a case in the state court, and bringing so much of it as constitutes a controversy between citizens of different states in the federal courts. Under that act so much of this controversy as is between the plaintiff and the surety upon the bond has been brought here, while so much of it as is between the plaintiff and the principal upon the bond remained in the state court, and has been tried there. The fundamental principle of this subject is that a party is bound by an adjudication only where he is so far, at least, within the jurisdiction of the court as to be heard in the course of the litigation; he must be a party to the suit or proceeding in such sense as to have a right to appear there, to make motions to the court, to introduce testimony, to cross-examine witnesses, and to take an appeal. Those are the rights which, generally, a party must have in order to be bound by an adjudication. Now, we must assume that this case was properly removed, as I have before said in considering some preliminary questions, and, assuming that, we are bound to say that after removal, the moment the order of removal was made, this defendant passed from the jurisdiction of the state court. He had no right to appear there any further; he had no power to introduce testimony, to make motions, to be heard, or to take an appeal. Besides, as counsel have suggested, the whole purpose of the removal act of 1866 would be defeated by the construction which is contended for by the counsel for the plaintiff. If the party who brings a part of a case

into this court, for the purpose of litigating it here, is bound, nevertheless, by the litigation in the state court, from which he removed it, against some other party, and we are bound by the judgment there, then it follows, of course, that there is no litigation here, and the party who removes the case here does not have any benefit of the removal. It is one of the difficulties which grows out of that very anomalous statute providing for splitting up cases. The best we can do, I think, is to say that the party, having a right to come here, has a right to be heard here upon the merits of his controversy. The adjudication of the state court, I think, is admissible for one purpose, and that is to show the amount of the recovery, in order that the surety may not, in any event, be held for more than the principal; but for the purpose of concluding the defendant upon any other issue, we think it is not admissible.