SPECIAL TAX SCHOOL DISTRICT NO. 1 OF PALM BEACH COUNTY, AND GUY I. METCALF *et al.*, TRUSTEES OF SAID DISTRICT, COMPLAINANTS IN ORIGINAL BILL, *Appellants*, v. C. D. SMITH *et al.*, *Appellees*.

AND

SPECIAL TAX SCHOOL DISTRICT NO. 1 OF DADE COUNTY; AND GUY I. METCALF *et al.*, AS TRUSTEES OF SAID DISTRICT, DEFENDANTS IN CROSS-BILL, *Appellants*, v. C. D. SMITH *et al.*, *Appellees*.

1.  A Special Tax School District and its Trustees have a right to file a bill to secure the peaceable use and occupation of a school building erected by the School District for school purposes.

2.  Contractors who have erected and practically completed a school building for a Special Tax School District have no lien under the law upon such building and the lot on which it stands to secure a balance which they claim to be due them for the construction of such building.

3.  When the Special School Tax District and its trustees have filed a bill against the contractors who have erected a school

building for the purpose of securing the peaceable use and occupation of such building for school purposes and no accounting with the contractors is prayed for, a cross bill asserting a lien on such building and praying for an accounting does not lie on the part of such contractors against such School District and its Trustees.

This case was decided by Division B.

Appealed from the Circuit Court for ₁ Palm Beach County.

The facts in the case are stated in the opinion of the court.

*Hudson & Boggs,* for Appellants; ·

*H. B. Sanders, Jr., Geo. M. Robbins* and *H. F. Atkinson,* for Appellees.

HOCKER, J.—Special Tax School District No. 1 of Palm Beach County, Florida, and Guy I. Metcalf, H. C. Hood and Samuel S. Gibson as trustees of Special Tax District No. 1, filed an amended bill of complaint on July 8th, 1909, in the circuit court of Palm Beach county against C. D. Smith and T. J. Grier, copartners as Smith & Grier, and Ellen E. Potter, all of the town of West Palm Beach in the county of Palm Beach, and the Dade County State Bank, a corporation having its principal place of business in the county of Palm Beach, Florida, alleging, first, that complainants are a corporation for the purpose of maintaining and supervising public schools within the territory named as Special Tax School District No. 1 in Palm Beach county, Florida, which district comprises the city of West Palm Beach and the territory immediately adjacent thereto; second, the partnership of Smith and

Grier; that Grier resides in Palm Beach, and Smith re-
sides at Albany, Georgia, and that the Dade County State
Bank is a duly organized corporation having its place of
business in Palm Beach county; third, that in the month
of January, 1907, complainant entered into a contract
with Smith & Grier wherein and whereby Smith & Grier
a'leged and bound themselves to erect a public school
building for a valuable consideration upon certain parcels
of land described in the bill in the new county of Palm
Beach, Florida; fourth, that in accordance with the agree-
ment Smith & Grier have erected upon the said property a
school building which has been accepted by the architect
in charge, and which Smith & Grier now claim to be com-
plete in accordance with plans and specifications; that
some dispute has arisen between complainant and Smith
& Grier in regard to the amount of money that is to be
paid for the erection of said building, and also in regard
to the manner in which certain work was to be done, but
complainant has paid Smith & Grier approximately
$43,000.00 which has been accepted by them and applied to
the contract price; fifth, that in order to procure some of
the necessary material it has become necessary for com-
plainant to guarantee certain bills under instruction of
defendants; that defendants claim there is now due them
under said contract a balance of about $12,000.00; that
complainants admit a balance due of about $9,000.00, but
contend that out of said balance all sums they have guar-
anteed should first be paid so that complainant would be
released from its guarantee; sixth, that at the beginning
of the contract Smith & Grier entered into a bond running
for one year, to be renewed at the end of that time and con-
tinued in force until the building was complete, to the ef-
fect that they would faithfully comply with the terms of
the contract in erecting said building, that they would pro-

VOL. 61, JANUARY TERM, 1911.			785

Special Tax School Dist. No. 1, *et al.* v. Smith—Opinion of Court.

tect same against liens and encumbrances for materials and labor, and that upon payment of all the contract price they would pay off all indebtedness against said building; that said bond expired at the end of the first year, and at present there is no bond in force, and complainants have no redress should they pay the entire amount to Smith & Grier, without paying the claims which complainant has guaranteed, or without having security for the same; seventh, that complainants have tried in divers ways to have a settlement with Smith & Grier, but so far all attempts have been unavailing; eighth, that the Dade County State Bank have advanced to Smith & Grier large sums of money upon the contract for the erection of said building, for which they are now indebted to the said bank, which expects to be paid out of the moneys coming to the said Smith & Grier, contractors, upon a final settlement of the indebtedness due by complainant to said contractors; ninth, that at the time the contract was let for the erection of said building complainants entered into a contract with one Ellen E. Potter to the effect that she would give one of the tracts of land above described to complainant for school purposes, and would sell the other for $1,000.00; that deeds should be left in escrow with the Dade County State Bank with the understanding that as soon as said building was erected on said lot and a warrant for $1,000.00 should be issued by the Dade County School Board and delivered to her, said deed should be delivered to complainant, such being the instructions to the Dade County State Bank; tenth, that in accordance with the agreement with Ellen E. Potter complainants entered into possession of the premises and have caused the said school building to be erected upon the property described and have caused the warrant for $1,000.00 to issue by the Dade County Board of Public Instruction payable to said

786 SUPREME COURT OF FLORIDA.

Special Tax School Dist. No. 1, *et al.* v. Smith—Opinion of Court.

Ellen E. Potter, which warrant has passed into the hands and has been endorsed by her, and was paid by County Treasurer of Dade County in January, 1909; that said Ellen E. Potter prior to the construction of said building and prior to the receipt of the $1,000.00 caused two deeds conveying the above described tracts to be deposited with the Dade County State Bank, with instructions that said deeds be delivered as soon as such building was erected and the $1,000.00 paid by warrant as recited; that the conditions of said agreement have been complied with so far as complainants are concerned; that said building has been constructed on the said lot and has been tendered by the directors as complete, and the architect has ratified and approved the construction of the building, and said building is now in a condition suitable for school purposes, although there is still a controversy between complainants and contractors as to the manner in which certain work has been done, and as to whether it has been completed in accordance with the plans and specifications, as contended by the contractors and certified by the architect; eleventh, that said building was erected for school purposes, and that the old building formerly occupied for school purposes in the city of Palm Beach has been sold, or an attempt has been made to sell same by the County Board of Public Instruction of Dade County, and a deed was executed by said board purporting to convey said property to T. J. Grier and James T. DeBerry,—the said Grier being one of the contractors for the erection of the new school building; twelfth, that Smith & Grier have conspired and colluded with the Dade County State Bank for the purpose of forcing the complainant to concede all the demands of the defendants Smith & Grier to pay the balance due in accordance with the contention of said Smith & Grier, and have conspired and colluded together for the purpose of retaining the deeds to said property deposited with said

bank in trust, until a settlement could be made, thinking to deprive complainants of any rights in and to the land and building and thereby to compel the payment of the indebtedness claimed by the contractors and thus secure the payment of the money due by Smith & Grier to the said bank; thirteenth, that complainants have made demand upon the said bank for the deeds, which it has refused to deliver and now wrongfully withholds, although the conditions mentioned have been complied with; fourteenth, that complainants have entered into and taken possession of said newly constructed school building and are now in possession of the same, and have moved a portion of the school furniture from the old into the new school building, and are preparing and arranging the premises for the next ensuing term of school, including the repairing of the roof which was left in a leaky condition by Smith & Grier, and taking such other steps as may be necessary for protecting the property against trespassers, and providing a suitable place for holding the next session of the public school which will begin in September, 1909, and that to accomplish these purposes it is necessary that complainants possession and control of the building be absolute and undisputed; fifteenth, that Smith & Grier have threatened to take possession of said building and hold the same adversely against complainants and to deprive complainants of the use of said building for school purposes until they can force a settlement of the existing controversy satisfactorily to them; that defendants jointly seek not only to retain the deeds to said property, but to oust the possession of complainants and thus compel complainants to make a settlement according to defendants terms regardless of any rights or equities that may exist in favor of camplainants; sixteenth, that unless the possession of the property is protected and Smith & Grier are enjoined from forcibly taking possession of and withholding the same, complainant will

be deprived of the right to the use and occupancy of the said building for the next ensuing term of school, and the citizens of Special School Tax District No. 1 and their children will be deprived of school benefits by reason of said grievances; seventeenth, that Ellen E. Potter has complied with the condition incumbent on her by depositing the deeds; that complainants have complied with their part of the agreement by turning over the warrant as aforesaid; that the Dade County State Bank is wrongfully withholding said deeds, and is wrongfully conspiring with Smith & Grier for the purpose of annoying and harrassing complainants and depriving them of their legal rights in and to the aforesaid school property; that on one or two occasions since complainants have taken possession an attempt has been made by Smith & Grier to retake possession, and have used force, violence, threats and intimidations towards complainants, their servants and agents, in the attempt to prevent complainants from retaining possession of said property, and in furtherance of the conspiracy aforesaid; nineteenth, that complainants are without redress except in a court of equity, wherefore they pray for a temporary injunction restraining Smith & Grier, their servants, agents and employees from taking or attempting to take possession of the property described, and from entering in and upon said property, except for making repairs, completing any uncompleted work in connection with the building, or for any other proper or lawful purpose which shall not in any way interfere with the right of complainants herein, and also from interfering with the possession of the complainants. Complainants pray for an order commanding the Dade County State Bank to comply specifically with the terms of the agreement under which the deeds were deposited with it, and to deliver immediately to the complainants the deeds to the above described property; that upon a final hearing the temporary

injunction may be made perpetual, for general relief, and for process.

The foregoing is a synopsis of the amended bill. This amended bill was subsequently amended, in what particulars we are unable to discover. The amended bill as amended was demurred to by Ellen E. Potter and the demurrer was overruled. Smith & Grier answered the amended bill denying the authority of the Board of Public Instruction to bring this suit. They admit the contract with Special Tax School District No. 1 approved by the Board of Public Instruction of Dade county to erect the school building on certain land, but we are not advised whether the description thereof in the bill is correct or not. They aver on information and belief that the title to the land on which the school building has been erected is not in the complainant, but allege the deeds are in escrow with the Dade County State Bank to be delivered on certain conditions which have not been met by the complainants. They admit that the building has been completed in substantial accordance with plans and specifications. The answer then alleges that the contract provided for an arbitration of disputes, and that disputes arose and arbitrators fixed $1364.33 as the amount due them for extra work and material, the amount to be deposited for work omitted to be $225.00 making the net increase $1139.33. The answer at considerable length goes into the questions growing out of the disputes between the parties. They deny that they have conspired with the Dade County State Bank as alleged in the bill. They admit that complainants have attempted to take possession of the school building, and allege complainants have committed trespass in said connection, but allege that they have been in possession of the school building while it was in process of construction and that they have retained possession of it since it was furnished and refuse to yield

possession of it to the complainant until it should pay them for it, and that except for such acts as have been done by the complainants' trustees under license from these defendants, and such trespasses as have been committed by stealth, complainants' trustees have had no possession, have not disseized defendants, and have made no lawful entry upon the property such as would invest them with possession. The answer further alleges that under the contract of the 31st of January, 1907, ·defendants possession of the premises upon which the building was to be erected, and their possession while erecting the building was fully recognized, and that complainants trustees were only authorized to take possession in case defendants failed to complete the building according to contract. The answer also alleges that complainant does not offer to do equity by paying what it owes defendants, and urges this as a demurrer for want of equity.

The bill was answered by Ellen E. Potter. After various proceedings the defendants Smith & Grier on the 9th day of July, 1909, filed a cross-bill against Special School District No. 1, a corporation under the laws of Florida, with Guy I. Metcalf, H. C. Hood and Samuel S. Gibson as its trustees, the Dade County State Bank, a corporation, Ellen E. Potter and the Board of Public Instruction of Dade County and of Palm Beach County, alleging that they have answered the bill of complaint against them and the Dade County State Bank for an injunction and specific performance of the contract, showing that complainants are not entitled to the relief prayed or any relief. The contract in writing of January 31st, 1907, made by Smith & Grier with Special School Tax District No. 1 and its trustees, then being in Dade county, but now being in the new county of Palm Beach is alleged as having been approved by the Board of Public Instruction of Dade County.

VOL. 61, JANUARY TERM, 1911.          791

Special Tax School Dist. No. 1, *et al.* v. Smith—Opinion of Court.

It is alleged that Smith & Grier agreed to erect for said School District a certain school building for $50000.00, that with consent of the County Board of Public Instruction the time for erecting said building was subsequently extended by a separate agreement, and the contract price increased by the sum of $1920.00 and diminished by the amount of $1416.00 for metal ceilings and by $512.00 for black boards, which items were eliminated from orator's contract, and separate contracts made therefor with other parties, which contracts however were not authorized by the County Board of Public Instruction as orators are informed and believe.

The cross-bill then proceeds at length to state the details of the contract; that changes and additions therein and thereto were made, that disputes arose as to the amount to be paid for extra work, and as to deduction, that the matters in dispute were submitted to arbitration as provided in the contract, and that the arbitrators awarded the amount of $1364.33 for extra work, and allowed the trustees $225.00 for work and material omitted. The bill then goes into a detailed statement of the items of their account showing a balance due Smith & Grier of $11686.41.

The cross-bill alleges that upon commencement of the work orators took exclusive possession of the land and building, and have held possession up to the filing of the cross-bill.

It is argumentatively stated in the cross-bill, that the orators right of possession was recognized in the written contract wherein it was agreed that if orators should fail to comply with said contract and to erect said building, or to complete the same, the said trustees should thereupon have a right to enter upon and take possession of said premises, but in no other case was it stipulated that the trustees should have possession of said premises except by

complying with the contract upon their part and paying in full for the said building.

Orators allege that they substantially completed said building in accordance with the contract, the supervising architect having certified to that effect, and they have offered to turn over said building to said Special Tax School District No. 1 upon the completion of the payments therefor but that said trustees of said District have neglected and refused to pay the balance due for said building and have sought by fraud and force to acquire possession of said building without paying therefor, and in pursuit of said object the said trustees have hired agents to invade said premises, and to break into and enter same contrary to law, and are threatening to forcibly possess themselves of said premises, and have applied to the court in the original bill for assistance in procuring possession &c.

The cross-bill alleges futile attempts to settle with the trustees—that said School Tax District is a corporation with power to sue and be sued, that orators have a lien superior in dignity to all others upon the school building they have erected for said corporation for the balance due under said contract and a right to withhold possession of said building for three months after its completion by the architect as completed to enforce the payment of the balance due, and that the County Board of Public Instruction is the only body that can claim title or right of possession of said property.

The cross-bill prays for a full answer, but not under oath, that the said Special School Tax District, through said trustees may be required to pay to orators the amount due them as fixed by the agreements and by the award of the arbitrators, and that until such payment shall be made, that said District and Trustees, their agents, serv-

ants, attorneys and employees be restrained and enjoined from taking or attempting to take possession of said property, or from making any use of the same, that they be temporarily enjoined from invading said premises, or molesting orators possession pending the final hearing of this cause, that said building and land be sold to satisfy orators lien, for general relief and for process.'

The Special School Tax District, through its trustees demurred to the cross-bill on the grounds among others, that no lien exists on public school property in favor of a contractor under the laws of Florida.

This demurrer was overruled. The cross-bill was answered by the defendant's corporation, issues joined, a master appointed and a quantity of testimony taken and reported, hearing upon the disputes of the parties as to the manner in which the work was done, on the school building, the amount due the contractors, and other matters swelling the record into nearly seven hundred pages.

There was a supplemental cross-bill filed which we are unable to find in the record, but presume from the proceedings that it contained a prayer for an accounting.

On final hearing, a decree was entered in favor of the complainants on the original bill perpetually enjoining Smith & Grier from interfering with them in the use of the school building, ordering Ellen E. Potter to deliver deeds to said complainants of the land upon which the school building stood, fixing the amount due Smith & Grier, and directing the payment within ten days from the entry of the decree—fixing the amount due from the Board of Public Instruction of Dade county, Florida, to complainant corporation, the Special School Tax District No. 1 of Palm Beach County, and some other matters of accounting—and retaining the bill and its amendments, the cross-bill and other papers in the suit for the purpose

of making such further orders as may be necessary to enforce full payment of the sum directed to be paid Smith & Grier. But the decree nowhere finds that Smith & Grier have a lien on the school building and lot.

From this decree, the Special School Tax District and its trustees appealed to this court.

It seems to us that the right of Smith & Grier to file the cross-bill in this suit, depends upon their contention that they had a lien under the laws of Florida upon the school building and lot to secure the balance which they claimed to be due them.

The complainants in the original bill did not pray for an accounting. They did set up that there was a dispute with the contractors Smith & Grier, but it seems that this was done to explain the contention which had arisen as to complainants right to use the school building for school purposes at the ensuing school term.

The purpose of the bill of complaint was to secure the peaceable use of the building for such purposes. It is alleged in the bill, admitted in the answer of Smith & Grier and alleged in their cross-bill, that the school building was practically completed, and had been so certified by the architect, but Smith & Grier were holding on to the building to secure a settlement with the trustees of various more or less complicated matters growing out of the erection of the building.

Complainants in their cross-bill and briefs strenuously contend that they had such a lien, and therefore that they had a right to a full accounting, which accounting required the introduction of new parties in the cross-bill.

It is not centended here by complainants in the cross-bill that we have any statute in Florida expressly giving a lien upon a public school building or the lot on which it stands to a contractor or one who has furnished materials (See sections 2190 *et seq.* General Statutes of 1906)

but that the general language of the statute should be construed as embracing such property.

The case of the Board of Education of the State of Illinois v. Greenbaum, 39 Ill., 609, is relied upon.   It is held in this case that the property of the Normal University created under the laws of that State for educational purposes, was the property of the Board of Education of the State of Illinois, as a corporation, and was subject to the claim of a creditor under the law providing for the enforcement of a mechanic's lien.

The conclusion seems to be based on the proposition that the property was held in part by the State and in part by individuals and was a private corporation.   See the subsequent cases of Thomas v. Industrial University, 71 Ill., 310, and the Board of Education of District No. 3 v. Neidenberger, 78, Ill., 58.

In this last case it is distinctly held that a mechanic's lien in the absence of a statute expressly giving such a lien, does not attach against property held for public school purposes—such we think is the prevailing law in the United States.   See Boisot on Mechanics' Liens, section 208; Lessard v. Town Inhabitants of Revere, 171 Mass., 294, 50 N. E. Rep., 533; Morganton Hardware Co. et al. v. Morganton Graded School et al., 150 N. C. 680, 17 Ann. Cas., 130.   It was held by this court in Ledwith v. City of Jacksonville, 32 Fla., 1, 13 South. Rep., 454, that a cross bill is one brought by a defendant in a suit against complainant in the same suit, or against other defendants in the same suit, or against both, touching the matters in question in the original bill and is considered as an auxiliary suit or a dependency upon the original bill, and can be sustained only on matters growing out of the original bill, such cross bill may set up new matter arising subsequently, but still it must constitute part of the

same defense, or relate to the same subject matter in such a way as to be a defense to the original suit. An apt illustration of the proper use of a cross bill is contained in the case of Price v. Stratton, 45 Fla., 435, text 445, 33 South. Rep., 644. In that case complainant in the original bill sought an injunction against the defendant to prevent the removal of a fence to the boundary line. The defendant filed a cross-bill to restrain complainant in the original bill from obstructing a street claimed to exist. The whole controversy related to the existence and locality of a public way—the original complainant contending that it was a line six feet in width and the complainant in the cross-bill contending the public way was a street sixty feet wide. The original bill and cross-bill therefore related to the same subject of controversy. This case also decrees that new parties may be added by cross-bill when essential to determine the subject of controversy.

In Van Zile Eqr. Pl. & Pr., section 212, it is said: "A cross-bill is brought by a defendant in a suit against the plaintiff in the same suit, or against other defendants in the same suit, or against both, touching the matters in question in the original bill. It is brought either to obtain a discovery of facts, in aid of the defense to the original bill, or to obtain full and complete relief to all parties as to the matters charged in the original bill.

It should not introduce new and distinct matters not embraced in the original bill, as they cannot be properly examined in that suit, but constitute the subject matter of an original independent suit. The cross-bill is auxiliary to the proceeding in the original suit, and a dependency upon it."

Recurring again to the original bill, we observe that it contained no prayer for an accounting. Its purpose, so far as Smith & Grier were concerned, was to secure the

undisturbed use of the school building. It was alleged and admitted that the school building was practically completed. It does not appear that Smith & Grier had any interest in the land or building by contract which created any sort of an estate in them by means of which they could hold possession against the owner.

The final decree does not give them a lien upon the building and land to secure what they claimed to be due them. Under the circumstances it seems to us that the School Tax District and its trustees were entitled to the possession of the school building without regard to the question of their possible indebtedness to Smith & Grier. No accounting was necessary to determine this question— and such an accounting we think should not have been brought into the controversy by cross-bill, the result of which was to unnecessarily increase the costs to the complainants in the original bill and to delay the termination of a suit, which should have been speedily settled, as it involved the use of a public school building. The disputed matters of accounting should have been the subject of independent proceedings.

We think the court erred in overruling the demurrer to the cross-bill.

The decree below is affirmed so far as it finds in favor of the original complainant's right to the undisturbed possession of the school building and land on which it stands, but is reversed as to all matters based on the cross-bill with directions to dismiss the cross-bill. The cost of this appeal to be paid by the defendants Smith & Grier.

Taylor and Parkhill, J. J., concur;

Whitfield, C. J., and Shackleford and Cockrell, J. J., concur in the opinion.