FORD v. STATE BOARD OF EDUCATION.

1. MECHANICS' LIENS — PUBLIC BUILDINGS AND IMPROVEMENTS — BONDS—STATUTES.
  Subcontractors and materialmen who furnish labor or materials for a public building, under a contract of the principal contractor with the State board of education, have no lien on the structure.  3 Comp. Laws, §§ 10710, 10743 et seq.

2. BANKRUPTCY — TRUSTEE — CREDITORS UNDER PUBLIC BUILDING CONTRACT.
  Subcontractors and materialmen to whom money is due from a contractor by reason of materials or labor employed in making improvements upon a public building, and who filed their claims in bankruptcy against the estate of the contractor therein being administered, cannot prevent the payment to the trustee in bankruptcy of a balance due under the construction contract that the trustee in part performed; where the claimants, although served with notice, filed no objections in mandamus proceedings brought by the trustee against the State board of education to recover a balance due under the contract, and where they were secured by the statutory bond obtained by the board.

3. SAME.
  Title to the fund vested in the trustee in bankruptcy.

Mandamus by Albert N. Ford, trustee in bankruptcy of the estate of Charles R. Wells, to compel the State board of education of Michigan to pay to said trustee the balance due under a contract with said bankrupt. Submitted April 11, 1911. (Calendar No. 24,267.) Writ granted Ssptember 29, 1911.

*Henry B. Graves*, for relator.

*Franz C. Kuhn*, Attorney General, and *Thomas A. Lawler*, Assistant Attorney General, for respondents.

McAlvay, J.   In this matter there is no dispute as to the facts.   Relator is the trustee in bankruptcy for Charles R. Wells, and has filed his petition, as such, asking for a writ of mandamus requiring respondents to pay to him the sum of $1,741.40, being the balance due the said bankrupt upon a certain plumbing and heating contract in writing, performed by said bankrupt for the board of education of Michigan.   Defendant William J. McKone is treasurer of said board.   It appears that the balance claimed was not paid because of claims for large amounts filed with said board by creditors, claiming as subcontractors and laborers, for materials furnished and work and labor done in the performance of said contract, and that respondents have been and are willing to pay the said balance to the persons who may be found entitled thereto, that by reason of a statutory indemnifying bond furnished by the contractor to pay all indebtedness on account of labor and materials furnished respondents could not do anything to jeopardize the security so held, and can only pay over such balance in a proper proceeding instituted for that purpose. It further appears that these claimants who have notified respondents not to pay over the funds so held have all filed their claims in said cause in bankruptcy as general, and not as secured, creditors, and have been duly notified of these mandamus proceedings, and none of them have appeared or filed any briefs herein.   The bankruptcy of the contractor was declared, and relator appointed as trus-

tee before the contract was completed, and he proceeded to complete, and did complete, the work.

These creditors have no lien upon this public building. *Knapp* v. *Swaney*, 56 Mich. 345 (23 N. W. 162, 56 Am. Rep. 397). Nor is a lien created by the statute requiring the bond held by respondents.

These claimants are creditors of the bankrupt. They ignore these proceedings which their objections have made necessary. We presume they are relying upon whatever rights they have which will be determined by the Federal court in bankruptcy. The relator under the bankrupt act has legal title to this fund. Section 70, U. S. Bankruptcy Act (30 U. S. Stat. 565, 3 U. S. Comp. Stat. 3451, 1 Fed. Stat. Ann. 697).

Claimants do not appear to have any rights to be determined by this court. The court in bankruptcy has jurisdiction to adjudicate these claims already submitted for its consideration.

The writ of mandamus will issue as prayed.

OSTRANDER, C. J., and BROOKE, BLAIR, and STONE, JJ., concurred.