PETERS v· KILLIBREW, ET AL.

(No. 858; Decided February 14th, 1916; 154 Pac. 996.)

MECHANICS' LIENS—PROPERTY SUBJECT TO—SCHOOL BUILDINGS—
LIABILITY TO SUB-CONTRACTOR—BUILDER'S BOND.

1. The property of a high school district is not subject to a mechanic's lien for materials used in the construction of a school building.

2. Compiled Statutes, 1910, Section 3799, giving every mechanic or other person a lien for work or labor performed upon, or materials furnished for any building, or improvements upon land, does not include public property, such as court houses or school buildings.

3. The fact that plans and specifications for the construction of a school building conceded to be a part of the contract, required the contractor to give a builder's bond for the full amount of the contract price, against mechanics' liens, mere neglect on the part of the school district to require the contractor to execute such a bond did not render it liable to a materialman for the value of brick furnished to a contractor in constructing a school building, as the material man was not entitled to a lien upon school district property.

ERROR to the District Court, Converse County; HON. CHARLES E. WINTER, Judge.

Action by Howard G. Peters against W. L. Killibrew and another. Judgment for defendant and plaintiff brings error. The facts are stated in the opinion.

*Stansbury & Stansbury*, for plaintiff in error.

The court erred in holding that school property is not subject to a mechanic's lien and that a judgment could not

be rendered against a high school district because not en-
forcible by execution; the court also erred in holding the
district not liable for negligence in not requiring a builder's
bond from the contractor. The demurrer of the high school
district admitted all facts pleaded. (State v. Grant, 12
Wyo. 5; State v. Irvine, 14 Wyo. 351.) Comp. Stats,
1910, Section 3799, when read in its plain or ordinary and
usual sense must be construed as being sufficiently broad
to warrant a lien against the property of a high school
district; the district is a body corporate, (Section 2052
Comp. Stats. 1910), and is liable under the lien laws.
(Municipal Corporations, Section 9; Davoust v. City of
Alameda, 84 Pac. 7; Shipley v. Hachney, 55 Pac. 971;
Cook on Corporations, Section 1.) No particular manner
is prescribed by statute for bringing an action against the
State, or any political subdivision thereof; there is no
limitation on the term owner as used in the statute. (Davis
v. Lumber Company, 14 Wyo. 523.) The District is an
owner and is not exempt. (18 Cyc. 1380; People v. So-
ciety, 87 Ill. 246.) Exemptions of public property are de-
fined by Section 4765 Comp Stats. 1910. A lien is a crea-
ture of statute. (Wyman v. Quayle, 9 Wyo. 326.) The
Mechanic's Lien law has not been abrogated by an exemp-
tion statute. Our Constitution provides for protection of
labor, (Art. 1, Section 22), and directs that laws of a
general nature shall have a uniform operation. (Art. 1,
Section 34.) The Constitution prohibits the taking of pri-
vate property for public use without compensation. (Art.
1, Section 3.) Public property is exempt from taxation by
the Constitution, (Art. 15, Sec. 12), but not for debts.
Persons furnishing labor or material, which have gone into
and enhanced another's property, should be compensated.
(George Bolln Co. v. Irrigation Co., 19 Wyo. 552.) The
statute gives the right to a lien. (Becker v. Hopper, 139
Pac. 179.) The Missouri decisions are not controlling.
(Becker v. Hopper, rehearing, 147 Pac. 1086.) Under a
similar statute it is held in Kansas that a lien would lie

against school property. (Wilson v. School District, 17 Kans. 104; School District v. Conrad, 17 Kans. 522.) See also Board of Commissioners v. Snodgrass, 34 Pac. 741. The above case seems to be directly in point. The district was negligent in not requiring the execution of a bond, (Hydraulic Co. v. School District, 79 Mo. App. 665), and is therefore liable. (35 Cyc. 953; McKnight v. Parish, 30 La. 361.) Illinois recognizes the right of lien against public property. (Board v. Greenbaum, 30 Ill. 609.) There is no logical reason why a public corporation should not be liable for its indebtedness. A judgment may be rendered against a school district. (Western Tube Company v. District, 15 Wyo. 356.) Our position is supported by Lee v. Broley, 11 West L. Rep. 38; Mallet v. Kover, 14 West L. Rep. 327. See also McGarvey v. Swan, 17 Wyo. 120; Rathfon v. Payette District, 149 Pac. 1044. The question should be disposed of on principle. (Coal Co. v. State, 15 Wyo. 98; Ine re Emslie, 102 Fed. 291.) The court having acquired jurisdiction should confer complete relief.

*John D. Clark,* for defendant in error.

Defendant's demurrer was properly sustained by the trial court. The lien law is general in its terms, but unless public property is made subject to mechanics' liens, it is generally considered exempt. (27 Cyc. 25; Morganton Hardware Company v. Morganton Graded School, 150 N. C. 680, 17 Ann. Cas. 130; School District v. Smith, 61 Fla. 782.) Board v. Greenbaum, 39 Ill. 609, was subsequently overruled. Public property by the great weight of authority is exempt from mechanics' liens. (Bank v. County, 35 L. R. A. 141; National Co. v. Huntington, 20 L. R. A. N. S. 261; State v. Kilburn, 81 Conn. 9; Bridgeport v. Hubbell, 5 Conn. 237, 243; Wetherell v. Hollister, 73 Conn. 622, 625, 48 Atl. 826; Kelley v. Killourey, 81 Conn. 320, 70 Atl. 1031; Chaplin v. Persse & B. Paper Works, 30 Conn. 461; 79 Am. Dec. 263; Hubbell v. Kingman, 52 Conn. 17, 19.) A contrary rule appears in a few decisions of other states, among them the State of Kansas, but the weight of autho-

rity is against it. (Lessard v. Revere, 171 Mass. 294, 50 N. E. 533.) The bond provided by statute to be taken is for the protection of school districts and not for material-men. A bond cannot help them, because they are not en-titled to a lien under the law. (Hutchinson v. Krueger, 124 Pac. 591), which under the facts was a much stronger case than the one at bar.

BEARD, JUSTICE.

The defendant in error, Converse County High School, is a school district and body corporate, organized and ex-isting under and by virtue of Chapter 142, Comp. Stat. 1910. The other defendant in error, Killibrew, had a con-tract with the school district to furnish the materials for, and to construct a school building for said school district. The plaintiff in error furnished to Killibrew. certain brick for said building. Killibrew failed to pay for all of said brick, and plaintiff sought by this action to hold the school district for the balance due him for said brick, and to es-tablish and enforce a mechanic's lien on the building and the lots on which it is situated. A general demurrer was sustained to the petition, judgment was rendered for de-fendant for costs and plaintiff brings error. But two questions arise in the case. First: Is the property subject to mechanics' liens? And second: Is the school district otherwise liable under the facts alleged in the plaintiff's petition?

The first question has been before the courts of last resort in many of the states upon statutes similar to those of this state, and it has been almost uniformly held that public property, such as the school building and the lots upon which the same is situated as in this case, are not subject to mechanics' liens in the absence of a statute ex-pressly so providing; and that such general or compre-hensive language as is used in our statute, "Every mechanic or other person, who shall do or perform any work or labor upon, or furnish any materials, * * * * * for any building, erection or improvement upon land, * * *

* * shall have * * * * a lien upon such building,"
(Comp. Stat. 1910, Sec. 3799), etc., does not, under the well
settled rules of construction of statutes, include · public
property such as court houses, school buildings, etc., be-
longing to the county or school district and used for public
purposes. We shall not attempt to review the numerous
decisions, or to quote from them, but content ourselves by
saying that the reasons assigned for so holding in the
numerous decisions accord with our views, and that such
is the proper construction to be placed upon our statute.
In support of our conclusion we cite the following cases
from among many: A. L. & E. F. Goss Co. v. Greenleaf,
98 Me. 436, 57 Atl. 581; Phillips v. University, 97 Va.
472, 34 S. E. 66, 47 L. R. A. 284; Atascosa County v.
Angus, 83 Tex. 202, 18 S. W. 563, 29 Am. St. Rep. 637;
Board of Commissioners of Parke Co. v. O'Conner,
86 Ind. 531, 44 Am. Rep. 338; Tatout v. Board of School
Commissioners of Indianapolis, 102 Ind. 223, 1 N. E. 389;
Knapp v. Swaney, 56 Mich. 345, 23 N. W. 162, 56 Am.
Rep. 397; Abercrombie v. Ely, 60 Mo. 23. For a more
extended list of decisions on the question see, 20 A. & E.
Enc. L. (2nd Ed.) 295; 27 Cyc. 25, 26; First Nat'l Bank
of Idaho v. County of Malheur, 30 Ore. 420, 45 Pac. 781, 35
L. R. A. 141, and note; National Fire Proofing Co. v.
Town of Huntington, 81 Conn. 632, 71 Atl. 911, 20 L. R. A.
(N. S.) 261; 129 Am. St. Rep. 228, and note; Morganton
Hardware Co. v. Morganton Graded School et el., 150 N. C.
680, 64 S. E. 764, 134 Am. St. Rep. 953; 17 A. & E. Ann.
Cases, 130, and note; Special Tax School District v. Smith,
61 Fla. 782, 54 So. 376; 26 A. & E. Ann. Cases, 757, and
note; State v. Tiedermann, C. C. 7, 10 Fed. 20; Ford v.
State Board of Education, 166 Mich. 658, 132 N. W. 467.

As to the other question, the averments of the petition
are to the effect that by the contract between plaintiff and
Killibrew the plans and specifications for the building were
made part of the contract and that said specifications con-
tained the following: "Persons making proposals will be

required to deposit with their bids, a sum in cash, or by certified check, equal to one per cent of the amount of their bid. If the party making a proposal for the work fails to execute a contract and give a satisfactory surety bond for the performance of such proposal, and give a satisfactory bond for the full amount of contract price against mechanic's liens; when same shall be awarded to him by the board of education, the deposit of such party shall be forfeited to the board as liquidated damages." That the board waived and neglected to require Killibrew to give such bond against mechanics' liens, and that by such negligence plaintiff was deprived of any remedy except under the mechanics' lien statute; and that Killibrew had become bankrupt. It is not material to consider what rights the school district or any one else might have on such bond if it had been required or given, for the reason that plaintiff does not come within its terms. By its terms, as alleged, it was for protection against mechanics' liens only, and, had it been given, it would have availed plaintiff nothing, he not being entitled to such lien. We have been cited to no statute, nor are we aware of any, requiring the officers of the school district when entering into a contract for the erection of a school building, to take such bond, or any bond, for the protection of sub-contractors. Their failure to do so would not, therefore, render the district liable to such sub-contractor. For the reasons above stated we are of the opinion that the petition failed to state a cause of action against the school district, and that the demurrer thereto was properly sustained. The judgment of the district court, therefore, is affirmed.          *Affirmed*.

POTTER, C. J., and SCOTT, J., concur.