## MORGANTON HARDWARE COMPANY ET AL. v. MORGANTON GRADED SCHOOL ET AL.

(Filed 19 May, 1909.)

**Public Schools — Property in Trustees — Statutory Lien — Materials Furnished—Absence of Legislative Intent.**

A public-school building vested in trustees for public-school purposes is not subject to a statutory lien for materials furnished for its construction, in the absence of a statute indicating a legislative purpose to the contrary.

ACTION tried by *Ferguson, J.,* who found the facts, by consent, at December Term, 1908, of BURKE.

Defendants appealed.

*Riddle & Huffman, S. J. Ervin* and *J. T. Perkins* for plaintiffs.

*Avery & Ervin* for defendants.

WALKER, J. The plaintiffs furnished materials to L. W. Cooper, who had contracted to build a schoolhouse for the de-

fendant the Morganton Graded School, and they filed, and now claim, a lien upon the building for the materials so furnished. The only question for our consideration is whether a public-school building is subject to a statutory lien for materials furnished for its construction. This question we must answer in the negative, if we apply the principle declared in former decisions of this Court and are governed by the great weight of authority in other jurisdictions. *Snow v. Commissioners,* 112 N. C., 336; *Gastonia v. Engineering Co.,* 131 N. C., 363. In 27 Cyc., p. 25, it is said that such a lien does not attach to public-school buildings, and many authorities are cited in the notes to sustain the proposition. In *Neal v. Trustees,* 121 Ga., 208, it is said: "As a general rule, in the absence of some expression in the statute making it evident that the Legislature intended it so to apply, a mechanic's-lien statute will not be construed to give a lien upon public buildings or other public property devoted to public use. Thus, a lien cannot be acquired or enforced against a public-school building, or the lot on which it is situated, a courthouse, a city hall, a public bridge which is part of a public highway, or the waterworks of a municipality. In some cases the reason given for this rule is that to hold otherwise would be contrary to public policy, while in others the rule has been considered to be based upon the fact that the ordinary methods provided by statute for the enforcement of the lien cannot be pursued against public property, and hence, there being no mode of enforcing the lien, it cannot exist; and it has also been held that the provisions of the mechanic's-lien law could not be applied to public-school buildings, because the relation sustained by a school district to the school property was not that of owner, within the meaning of the statute, and hence a contract with the district could not give rise to the lien," citing 20 Am. and Eng. Ency., 295, 296. The counsel admitted that, as a general rule, a public building is not the subject of a lien for work done or materials furnished, in the absence of some expression in the statute showing the intention of the Legislature to be otherwise, but they contended that the rule did not apply when the title to the property is vested in a board of trustees. This contention is fully answered in the case of *Neal v. Trustees,* just cited, and

especially in *Trustees v. City Council,* 90 Ga., 634, where it is said: "In view of the legislation to which we have referred, there can be no question as to the public character of the institution originally.   The property vested in the trustees was public property and was committed to them for a public purpose.   No private interest of any kind was acquired.   The beneficial interest was in the public, and the trustees were merely agents of the State for the administration of the fund and the management of the institution.   Since that time there has been no legislation changing the public character of the trust or parting with the control of the State over the institution or the fund connected with it.   Mere noninterference with the control exercised by the trustees could not affect the rights of the State or divest the institution or the property of its public character."   The question is carefully discussed in *Fatout v. Commissioners,* 102 Indiana, at p. 232, where the Court, citing *Board v. O'Connor,* 86 Indiana, 531, says: "In the mechanic's-lien law of this State there is no provision to the effect that such a lien may be acquired or enforced upon or against public property held for public use; and, in the absence of such a provision, we must hold, in conformity with the weight of authority elsewhere, that such a lien can neither be acquired nor enforced upon or against such property held for such use.   The doctrine of the case last cited is decisive, as it seems to us, of the question we are now considering, adversely to the validity of the mechanic's lien which Fatout claims to have acquired, and is seeking to enforce upon and against the public-school house erected by him, in the case in hand.   For there is no public property held for a more sacred public use than a public-school house of a public-school corporation, under the Constitution and laws of this State."   In *Lessard v. Inhabitants of Revere,* 171 Mass., 294, the same conclusion was reached, which was based upon a full citation of the authorities.   *Holmes, J.,* for the Court, said that "The general current of decisions is against the lien when the property upon which it (the lien) is asserted is held for public use."   We do not find anything in our statute indicating a purpose on the part of the Legislature to change the general rule of law as thus established by the decisions of the courts in other States and, as we think, also by the decisions of this Court.

The court erred in adjudging upon the findings of fact that the plaintiffs had acquired any lien upon the property of the defendant the Morganton Graded School, and its judgment, as to that defendant, is therefore

Reversed.