This is an action by the receiver of the Soloman Construction Company to recover $1,498.86.
On 11 April, 1913, the Soloman Construction Company, a corporation, entered into a contract with the county of Iredell for the erection and completion of a county home at and for the price of $25,800, and thereafter did extra and additional work of the value of $68, and sold the county some lumber of the value of $10.53, making a total of $25,878.53.
The defendant paid the Soloman Construction Company, on its contract, including small items to complete the buildings and replace defective concrete, a total sum of $24,379.98, leaving a balance due of $1,490.86, for which the plaintiff in this action obtained judgment.
On 11 February, 1914, plaintiff was appointed receiver for the Soloman Construction Company. At the time of the appointment of a receiver the contract was practically completed, but final settlement had not been made. *Page 901 
The Soloman Construction Company sublet the contract for the painting to Lon G. Cruse Company, for $670. On 30 January, 1914, eleven days before the receivership, the Lon G. Cruse Company filed a notice and claim of lien with the chairman of the board of county commissioners. On 13 February, 1914, plaintiff notified the chairman of the board of county commissioners of his appointment as receiver for the Soloman Construction Company.
On 25 May, 1914, the chairman of the board of commissioners directed that an order issue for $664.75, to Duckworth Smith, attorneys, in payment of the Cruse claim of $670, $5.25 having been deducted for work done by the county, and on 2 June, 1914, a voucher, authorized by the board of commissioners, was issued for $664.75 in full of the Cruse claim.
On 4 June, 1914, the defendant tendered plaintiff a check for (845) $758.75, in full settlement of all amounts due the Soloman Construction Company, the sum tendered representing the amount it admitted to be due under the contract, less the Cruse claim. Plaintiff declined to accept this check as tendered.
Plaintiff brought this action in the Superior Court of Iredell County to recover the balance due under the contract, and by agreement it was referred to W. B. Gaither, Esq., of Newton, N.C. to take and state the account between the parties and report his findings of fact and conclusions of law to the court.
The referee finds that the item of $664.75, paid to Duckworth Smith, attorneys for Lon G. Cruse Company, should not be deducted from the balance due plaintiff as receiver for the Soloman Construction Company under its contract with the county.
Upon the coming in of the referee's report, his Honor, Judge Ferguson, affirmed the referee's findings of fact and conclusions of law as to this item.
Judgment was rendered in favor of the plaintiff, and the defendant appealed.
The decision in Foundry Co. v. Aluminum Co., ante, 702, is controlling on the appeal in this action.
It was there held that the right of one furnishing materials to share in the fund due by the owner to the contractor is statutory and is dependent upon acquiring a lien on the property, and if no lien on the property is or can be acquired, that no duty or obligation is imposed on the owner by giving notice, and the authorities are all to the effect that *Page 902 
no lien can be acquired against public buildings. Snow v. Comrs.,112 N.C. 341; Hardware Co. v. Schools, 150 N.C. 680.
It follows that as the Cruse Company acquired no lien upon the property by giving notice to the owner, it thereby imposed no obligation upon the owner with reference to the amount due the contractor, and that the defendant made payment to the Cruse Company of its own motion and when under no duty to do so, and that the amount paid cannot be allowed as a credit against the plaintiff receiver.
Affirmed.
Cited: Noland Co. v. Trustees, 190 N.C. 252, 253 (c); Trust Co. v.Construction Co., 191 N.C. 666 (c); Mfg. Co. v. Blaylock, 192 N.C. 412, 414
(c); Fidelity Co. v. Board of Education, 202 N.C. 357 (c).
(846)