NATIONAL SURETY CO. v. COUNTY BOARD OF EDUCATION OF Mc-DOWELL COUNTY et al.

(Circuit Court of Appeals, Fourth Circuit. October 19, 1926.)

No. 2491.

1. Trial ⟨⟩11(2).

Under Act March 3, 1915 (38 Stat. 956), case instituted as action at law, though in reality suit in equity, might, on motion of parties or by court ex mero motu, have been transferred to equity docket.

2. Appeal and error ⟨⟩14(½).

Under Comp. St. § 1649b, action at law for establishment of equitable lien in reality being a suit in equity, and tried in conformity with equity practice, will be treated on review as an appeal, though brought to reviewing court by writ of error.

3. Principal and surety ⟨⟩167—Surety, completing work on school building, may recover from school board amount required to be retained, where loss exceeded such amount (Pub. Laws N. C. 1923, c. 100).

Surety on school building contractor's bond, having completed work after contractor's default and paid laborers' and materialmen's claims, in suit under Pub. Laws N. C. 1923, c. 100, may recover from school board percentage required to be retained on contract and assigned to surety, where its loss exceeded such amount.

4. Liens ⟨⟩7.

Surety, completing work on contractor's default, has equitable lien on fund required by contract to be retained from payments to extent necessary for its reimbursement.

5. Liens ⟨⟩7.

Assignment by contractor to surety of funds to be retained on contract created in favor of surety completing contract an equitable lien on retained percentage.

6. Assignments ⟨⟩30.

Partial assignments to surety of sum due contractors will not support an action at law.

7. Principal and surety ⟨⟩167.

Excess payment to contractor in violation of agreement to retain percentage may be recovered by surety completing work after contractor's default.

8. Principal and surety ⟨⟩167.

Payment on order of contractor to bank may be recovered by surety, completing work after contractor's default, where contractor's assignment of funds to be retained on contract to surety was made long before order was given and defendants required to retain percentages had been given express notice of assignment before they honored order.

9. Principal and surety ⟨⟩167.

Since, under Pub. Laws N. C. 1923, c. 100, claims for labor and material do not constitute lien on school building, school board, making such payments after contractor's default out of sums required to be retained, is liable to surety therefor.

In Error to the District Court of the United States for the Western District of North Carolina, at Asheville; Edwin Y. Webb, Judge.

Action by the National Surety Company against the County Board of Education of McDowell County and others. From the judgment, complainant brings error, and defendants assign cross-error. Judgment set aside and decree rendered.

Mark W. Brown, of Asheville, N. C., for plaintiff in error and cross-defendant in error.

J. W. Pless, of Marion, N. C. (Pless, Winborne & Pless and Hudgins, Watson & Washburn, all of Marion, N. C., on the brief), for defendants in error and cross-plaintiffs in error.

Before WADDILL and PARKER, Circuit Judges, and SOPER, District Judge.

PARKER, Circuit Judge. [1, 2] This cause, although instituted as an action at law,

is in reality a suit in equity. Its purpose is to establish an equitable lien and to enforce rights arising thereunder, and the only relief appropriate under the pleadings is equitable relief. On motion of the parties, or by the court ex mero motu, it might have been transferred to the equity docket in the District Court. Act March 3, 1915, 38 Stat. 956; Liberty Oil Co. v. Condon Nat. Bk., 260 U. S. 235, 43 S. Ct. 118, 67 L. Ed. 232. This was not in fact done, but the proceedings had were in conformity with the practice in equity. There was a reference to the standing master, and his findings of fact were adopted by the court, and final judgment was entered thereon. The case, it is true, was brought here by writ of error; but we are authorized to treat this as an appeal. Act Feb. 13, 1925, 43 Stat. 941 (Comp. St. § 1649b). We do not think that the mere failure to transfer the case to the equity docket should defeat the right of the parties to a review here as upon an appeal. We shall accordingly treat that as done which should have been done, and shall proceed to pass upon the case just as though such order had been entered. Liberty Oil Co. v. Condon Nat. Bk., supra.

The National Surety Company was complainant in the court below and will be so designated here. The board of education and the superintendent of public instruction of McDowell county, N. C., were defendants. In effect the purpose of the suit was to establish an equitable lien upon funds in the hands of defendants and to recover of defendants for payments made by them from the funds in derogation of the rights of complainant. The material facts, briefly stated, were as follows:

On February 5, 1923, the defendants entered into a contract with W. V. Henry & Co., contractors, for the erection of two school buildings. The contract provided that payment should be made in monthy installments of 85 per cent. of the work done and materials furnished, as the work progressed, and that the remaining 15 per cent. should be retained by defendants until 30 days after the completion and acceptance of the buildings. It also provided that the contractors should furnish a bond in the sum of $30,000, to guarantee full performance of the contract and payment of all bills for labor and materials. On February 12, 1923, complainant executed such a bond, as surety for the contractors, which was duly delivered to defendants.

In the application for the bond, the contractors assigned to complainant "all the deferred payments and retained percentages, and any and all moneys and properties that may be due and payable to the undersigned (the contractors) at the time of any breach or default in said contract, * * * to be by it credited upon any loss, costs, damage, charge, and expense sustained or incurred by it under said bond." On July 21, 1923, complainant gave defendants notice of this assignment, and furnished them with a photostatic copy thereof. At that time, defendants had in hand all of the percentage retained under the contract, amounting to $6,708.60, and $915.40 in addition thereto, which had not been paid to the contractors.

Some time after receipt of the notice of the assignment to complainant, defendants paid $700 to the contractors and $3,951.30 to a bank upon their order. This order was signed July 19, 1923, but was not delivered to or paid by defendants until August 25th. Thereafter defendants paid out, on claims for labor or materials which had been furnished to the contractors, the sum of $2,441.17, leaving a balance in hand of $494.49, for which they consent that decree be entered for complainant.

The contractors failed in September 1923, and complainant finished the work under the contracts, and, in a suit instituted in December of that year by laborers and materialmen to recover on the bond which it had executed, was required to pay the sum of $10,372.84. The claims for labor and material paid by defendants were not brought into that suit, although it was properly instituted under the North Carolina statute, providing that the liability under a bond given to guarantee the performance of a contract to erect a public building and pay for labor and materials therein used shall be established in a single action, to which all persons entitled to recover shall be made parties. Public Laws of North Carolina, Session 1923, c. 100.

On these facts, the standing master was of opinion that the defendants were liable for the amount of the retained percentage. The District Judge, while approving the findings of fact, evidently thought that they justified the recovery of no more than the amount paid to the bank. In this court complainant contends for the entire amount which defendants had on hand at the time of notice of the assignment. Defendants deny that complainant is entitled to anything, except the balance of $494.49, now on hand.

[3, 4] We agree with the standing master that complainant is entitled to a decree for the entire amount of the percentage required to be retained. Complainant's loss under the bond exceeds this amount, and it is well settled that in cases such as this the surety has

an equitable lien on the funds required by the contract to be retained from payments to the contractor, to the extent necessary to reimburse the surety for loss sustained under the bond. This right of the surety in the funds retained is well expressed by the Supreme Court of North Carolina in Commercial Casualty Ins. Co. v. Durham County, 190 N. C. 58, 128 S. E. 469, where it is said:

"The contract provision that 85 per cent. of the value of labor and material used during the previous month, as estimated by the architect, shall be paid by the owner to the contractor at the dates specified during the progress of the work, creates in the 15 per cent. reserved balance an equity in which the surety has a substantial right. While the owner also has an equity in this reserved balance, he has no right, without the consent of the surety, to waive it, or to exceed the provisions of the contract in making payments to the contractor. The retained balance is well calculated to induce the contractor to complete the building, and it is valuable security against loss when a breach occurs."

In the case of Prairie State Bank v. United States, 164 U. S. 227, 17 S. Ct. 142, 41 L. Ed. 412, holding that the surety on the bond for the performance of a contract to erect a public building had an equity in a percentage retained under the contract superior to the equity of a bank which had loaned money for the carrying on of the work under a void assignment of the funds, the Supreme Court of the United States said:

"That a stipulation in a building contract for the retention, until the completion of the work, of a certain portion of the consideration, is as much for the indemnity of him who may be guarantor of the performance of the work as for him for whom the work is to be performed; that it raises an equity in the surety in the fund to be created; and that a disregard of such stipulation by the voluntary act of the creditor operates to release the sureties, is amply sustained by authority."

To the same effect are Henningsen v. U. S. F. & G. Co., 208 U. S. 404, 28 S. Ct. 389, 52 L. Ed. 547, American Surety Co v. Finletter (C. C. A. 3d) 274 F. 152, and Globe Indemnity Co. v. Unity Rys. Co. (C. C. A. 3d) 272 F. 607.

[5, 6] In the case at bar, not only did the contract provide for the retention by the defendants of 15 per cent. of the contract price, but this retained percentage was assigned to plaintiff to secure any loss arising out of the execution of the bond. This assignment unquestionably created in favor of complainant an equitable lien upon the retained percentage so assigned. Walker v. Brown, 165 U. S. 654, 17 S. Ct. 453, 41 L. Ed. 865; Ingersoll v. Coram, 211 U. S. 335, 29 S. Ct. 92, 53 L. Ed. 208; American Surety Co. v. Finletter, supra; Pratt Lumber Co. v. T. H. Gill Co. (D. C.) 278 F. 783. But since the assignment was only a partial assignment, and related only to part of the sum due the contractors, it would not support an action at law. Mandeville v. Welch, 5 Wheat. 277, 5 L. Ed. 87. And see note in 22 Ann. Cas. 673, and cases there cited.

In the light of the principles established by the foregoing authorities, it is clear that the retained percentage which defendants paid out to the contractors, the bank, and the furnishers of materials, was a fund upon which complainant had an equitable lien to secure it against loss under the bond executed by it as surety, and that, as it has sustained loss under said bond in excess of the amount of the retained percentage, it is entitled to a decree against defendants for the full amount thereof, unless defendants can justify the payments under some provision of the bond or of the contract, or as having been made in discharge of liabilities imposed upon them by the contract or by reason of work done under it. We do not think that the payments can be so justified. The attempt is made to justify them under a clause of the bond providing that "any extension of time * * * or any other forbearance on the part of either the owner or the principal to the other, shall not in any way release the principal and the surety * * * or either or any of them * * * from their liability hereunder."

Assuming, without deciding, that this clause of the bond might be sufficient to prevent the release of the surety as a result of the failure to retain the percentage provided in the contract, it by no means follows that the surety is not entitled to recover from defendants the moneys which defendants agreed to retain, and which had been assigned to the surety, and upon which the surety held, as we have seen, an equitable lien. The purpose of the clause in question was to prevent release of the surety by reason of forbearance shown to the principal, not to forfeit the rights of the surety in funds assigned for its protection.

[7-9] Nor can defendants justify the payments on the ground that they were made in discharge of obligations imposed upon them by the contract, or by reason of work done under it. The $700 paid to the contractors was, of course, inexcusable, being in direct violation of the agreement to retain 15 per cent. of the contract price and in wanton dis-

regard of complainant's rights, of which it had been given express notice. The payment to the bank on the order of the contractors stands on no better footing; for the assignment to complainant was made long before the order was given to the bank, and defendants had been given express notice thereof more than a month before they honored the order. Salem Trust Co. v. Manufacturers' Finance Co., 264 U. S. 182, 44 S. Ct. 266, 68 L. Ed. 628, 31 A. L. R. 867. The payments to laborers and materialmen, for which credit was apparently allowed defendants by the District Judge, present a slightly more troublesome question, because of the fact that complainant was liable under the bond to those furnishing labor and materials in the construction of the building; but, upon mature consideration, we are satisfied that not even these payments can be justified by the defendants.

Complainant, it is true, undertook in the bond that the contractors would pay for all labor done and materials and supplies furnished for the work; but, upon the failure of the contractors to pay for same, the liability of complainant under the bond was to be enforced by a single suit, to which all persons claiming rights should be made parties. Public Laws of North Carolina, Session 1923, c. 100. There was no liability whatever on the defendants for labor and materials furnished, and claims therefor did not constitute a lien on the school building. Hardware Co. v. Schools, 150 N. C. 680, 64 S. E. 764, 134 Am. St. Rep. 953, 17 Ann. Cas. 130; Id., 151 N. C. 507, 66 S. E. 583; Foundry Co. v. Aluminum Co., 172 N. C. 704, 90 S. E. 923; Hutchinson v. Com'rs, 172 N. C. 844, 90 S. E. 892; Noland v. Trustees, 190 N. C. 250, 129 S. E. 577.

In paying these claims, therefore, defendants were not relieving the property under construction from liens, nor were they paying claims for which they were either primarily or secondarily liable. They were mere volunteers, and obtained no rights, either against the contractors or the surety company, as a result of the payments. It has been expressly held that, where a public board pays the claim of a subcontractor, to whom the contractor is indebted, out of funds due the contractor, it acquires no right by reason of such payment, and may not be allowed credit therefor in a suit instituted by the receiver of the contractor to recover the balance due under the contract. Hutchinson v. Com'rs, supra. A fortiori claims so paid cannot be allowed against the claims of one holding a lien on the funds due the contractor,

where the board has notice of the equity of such claimant and of the fact that the fund has been assigned to him.

We do not think that complainant is entitled to anything in excess of the percentage required by the contract to be retained. Beyond this retained percentage, the assignment gave to complainant a lien only on the money due and payable to the contractors at the time the contract should be breached. It does not appear that the contract was breached until September, and at that time there was no amount on hand in excess of the 15 per cent. required to be retained.

The judgment of the District Court will accordingly be set aside, and decree will be entered for complainant for the full amount of the retained percentage, or the sum of $6,708.60, with interest from November 1, 1923; this date being approximately 30 days after the completion of the building.

Modified.