## TUCKER v. UNITED STATES.
### No. 44870.

Court of Claims.
Jan. 5, 1942.

George C. Dix, of New York City (Karl J. Hardy, of Washington, D. C., on the brief), for plaintiff.

Joseph H. Sheppard, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

LITTLETON, Judge.

The original petition in this case was filed September 16, 1939, to recover $28,064.75 on an implied contract. Kirkendall v. United States, 90 Ct.Cl. 606, 31 F. Supp. 766. The defendant demurs to the petition on the ground that no cause of action against the United States within the jurisdiction of this court is stated for the alleged reason that the claim asserted in the petition accrued August 7, 1930, more than six years prior to the filing of the petition.

Plaintiff replies that the claim made in the petition did not accrue within the meaning of section 262, 28 U.S.C.A., until October 12, 1933, less than six years prior to the filing of the petition. The facts alleged in the petition show the following:

1. Sarah E. Smith, an unmarried woman and a citizen and resident of King County, State of Washington, died July 24, 1932, at Montreal, Canada, while temporarily residing there, and that on July 9, 1934, plaintiff was duly appointed and qualified as administrator with the will annexed of the estate of Sarah E. Smith.

2. During 1929 and 1930 Miss Smith entrusted to one Reese B. Brown, of the State of Washington, sums of money belonging to her to be held by Brown for safekeeping and for her use and benefit. At the time of her death in 1932 she was seventy years of age. Brown received the money under the arrangement for the use and benefit of Sarah E. Smith and for safekeeping by him, and on and after August 7, 1930, had $53,440 thereof in United States currency in a safe-deposit box, #2026, in the First National Safety Deposit Company at Kansas City, Missouri, and the balance, $6,470.39, on deposit in a checking account in his name in the Crocker First National Bank of San Francisco, California.

3. Prior to the death of Sarah E. Smith no accounting or settlement was requested of or made by Brown to her, and at all times Brown held the money in trust for safekeeping and for the use and benefit of Sarah E. Smith. No part of the money delivered and entrusted to Brown by Sarah E. Smith during 1929 and 1930, and so held by him between that date, or dates received by him, and October 12, 1933, was the private property of Brown.

4. On or shortly prior to August 7, 1930, the Commissioner of Internal Revenue made a jeopardy assessment of alleged additional individual income tax, interest, and penalties against Reese B. Brown in the total amount of $497,897.86. Upon receipt of such jeopardy assessment, the collector of internal revenue on August 7, 1930, prepared a warrant of distraint thereon against Brown by authority of which the collector seized and impounded certain properties of Brown and also levied the warrant of distraint upon the then unknown contents of safe-deposit box #2026, in which the amount of $53,440 belonging to Sarah E. Smith was being held in the First National Safety Deposit Company at Kansas City, Missouri, and upon the sum of $6,470.39 being held by Brown in trust for Sarah E. Smith and on deposit in an account in his name in the

Crocker First National Bank, San Francisco.

5. The funds so held by Brown in trust for the use and benefit of Sarah E. Smith, upon which the distraint warrant was levied as aforesaid, were not taken and applied by the collector as a collection prior to October 12, 1933, in satisfaction of the tax liability assessed against Brown.

6. September 25, 1930, the Commissioner of Internal Revenue prepared and mailed to Brown by registered mail a statutory notice of his final determination of a deficiency in his individual income tax, which, together with interest and penalties claimed, amounted to $497,897.86. In this deficiency notice Brown was advised of his right under the statute to file a petition within sixty days with the United States Board of Tax Appeals for a redetermination of the deficiency as determined by the Commissioner. Accordingly, Brown prepared and filed with the Board a petition for a redetermination of the deficiency.

7. Thereafter, and while Brown's petition was pending before the Board, the collector of internal revenue in November 1930 withdrew and took possession of the $53,440 in safe-deposit box #2026 in the First National Safety Deposit Company at Kansas City, Mo., and also took possession of the amount of $6,470.39 on deposit in the Crocker First National Bank, San Francisco, and deposited the total of these amounts to his credit in a special account as collector of internal revenue to await the final redetermination by the Board of Tax Appeals and the courts of the tax deficiency claimed by the Commissioner against Brown.

8. In August 1930 the Commissioner determined a deficiency in respect of the individual income tax of Sarah E. Smith for the years 1926 to 1929, inclusive, in the sum of $67,973.46, and mailed her a statutory deficiency notice thereof, under which she had the right to file a petition with the Board of Tax Appeals for a redetermination. No jeopardy assessment appears to have been made against Sarah E. Smith. Within the time allowed, Sarah E. Smith duly filed a petition with the Board of Tax Appeals for a redetermination.

9. On August 25, September 9, 10, and 12, and on October 6, 1930, special agents of the Treasury Department, representing the Commissioner of Internal Revenue and the collector of internal revenue, held hearings and examinations at Seattle, Washington, in connection with and relating to the income tax liabilities of Reese B. Brown and Sarah E. Smith as theretofore determined and asserted by the Commissioner. At these hearings Reese B. Brown and Sarah E. Smith appeared as witnesses and, upon examination by the Treasury agents, they both testified under oath with reference to the properties owned by them, and that the money on deposit in the account of Reese B. Brown in the Crocker First National Bank of San Francisco and the money in safe-deposit box #2026 of the First National Safety Deposit Company of Kansas City, amounting in all to $59,-910.39, belonged to Sarah E. Smith; that these funds were being held by Brown in trust for her, and they further testified that a trust relationship existed between Brown and Sarah E. Smith, that he was acting as her trustee in respect of such funds. The information thus furnished regarding the trust character of the particular funds mentioned was fully known to the duly authorized representatives of the government, including the collector of internal revenue, at all times thereafter and on October 12, 1933.

10. During the examinations and hearings by the special agents of the Treasury Department, as above-mentioned, they did not disclose to Sarah E. Smith that the collector had distrained upon the funds mentioned, and held by Brown for her use and benefit, and it was not disclosed by the special agents at the hearings mentioned that the collector had withdrawn and taken possession of such funds and had deposited them in a special account to his credit as collector of revenue. Sarah E. Smith was not advised at any time during her lifetime and she did not know that the funds so held by Brown for her use and benefit under the arrangement hereinbefore mentioned had been levied upon, withdrawn and held by the collector as aforesaid.

11. Thereafter, on October 12, 1933, while the aforementioned fund of $59,-910.39 was being held by the collector in a special fund awaiting final determination, a hearing was had before the Board of Tax Appeals at Portland, Oregon, on the petition of Reese B. Brown with respect to his tax liability as determined by the Commissioner, and a stipulation between the Commissioner and Brown was prepared

and filed in which it was stipulated that the deficiency in respect of the tax liability of Brown was $28,064.75.

12. On the same day, to wit, October 12, 1933, the Board of Tax Appeals heard the petition of Sarah E. Smith at Portland, Oregon, for the redetermination of the deficiencies determined by the Commissioner in respect of her individual tax liability for the years 1926 to 1929, inclusive, in the amount of $67,973.46, and it was stipulated between the Commissioner and Sarah E. Smith through Reese B. Brown as her attorney-in-fact that the deficiency in respect of her individual tax liability for the years mentioned was in the total amount of $31,-845.64. Decisions of the Board of Tax Appeals were entered upon and in accordance with the stipulations.

13. As a result of the stipulations and the decisions of the Board, the collector of internal revenue on or shortly after October 12, 1933, collected and satisfied the deficiency so determined in respect of the individual income tax liability of Brown by applying $28,064.75 of the funds so held by the collector, as hereinbefore stated, in full satisfaction and in discharge of said tax liability of Brown, and thereupon covered the amount of $28,064.75 into the Treasury of the United States.

14. In the same way and at the same time, to wit, on or shortly after October 12, 1933, the collector collected the deficiency of $31,845.64 in respect of the individual tax liability of Sarah E. Smith, deceased, by applying in satisfaction and discharge thereof that amount from the balance of the funds so held by him, as hereinbefore mentioned, and covered the same into the Treasury of the United States.

Upon the foregoing facts the demurrer must be overruled. The facts alleged show that the collector of internal revenue without the knowledge or consent of the decedent took money which belonged to her and used it to pay and satisfy the individual tax liability of another person, for which tax she was in no way liable, and he did so as the authorized representative of the United States and with the knowledge that the money so used was not the property of the person to whose liability it was applied to satisfy. Until the funds belonging to plaintiff were so applied by the collector and covered into the Treasury, no claim of Sarah E. Smith or her estate for a money judgment against the United States accrued. If the decedent had known of the action of the collector in levying upon funds belonging to her under a distraint warrant upon an assessment against Brown, her only remedy prior to the date on which the collector actually applied a portion of the money as a collection of a tax due by Brown and covered it into the Treasury of the United States would have been a personal action against the collector proceeding for an injunction. But such a remedy, if it existed, did not represent or include a cause of action for a money judgment against the United States under section 262, 28 U.S.C.A. Such a claim did not accrue until the money was subsequently applied and covered into the Treasury of the United States. Until then the claim of the estate of Sarah E. Smith asserted in this action had not accrued in a shape to be effectually enforced. Borer v. Chapman, 119 U.S. 587, 602, 7 S.Ct. 342, 30 L.Ed. 532; United States v. Wurts, 303 U.S. 414, 418, 58 S.Ct. 637, 82 L.Ed. 932.

The demurrer is overruled and it is so ordered.

