**ROYAL INDEMNITY COMPANY, Plaintiff,**

v.

**BOARD OF EDUCATION OF MOORE COUNTY, Defendant,**

**UNITED STATES of America, Third-Party Defendant.**

**Civ. A. No. 308.**

United States District Court
M. D. North Carolina.

Jan. 27, 1956.

Helms & Mulliss, Charlotte, N. C., for plaintiff.

W. B. Sebiston, Jr., Carthage, N. C., Edwin M. Stanley, U. S. Atty., Greensboro, N. C., for defendants.

HAYES, District Judge.

Royal Indemnity Company, Inc., sued the Board of Education of Moore County to recover the sum of $5,023.82, being the balance due by the defendant to Walter Dempsey under a contract whereby he agreed to erect school buildings, to furnish the material and labor for $56,550. He was required to furnish surety for the faithful performance of the contract, including the payment of all claims for labor and materials. Dempsey procured plaintiff to become its surety and as an inducement therefor, executed a written assignment to the surety of all retained percentage, equipment, materials, etc., to indemnify the surety against any loss or expense incurred by it in completing the performance under the contract. This assignment was duly recorded, Dec. 2, 1950, in the Register of Deeds Office of Moore County in Book 98, page 110; also in Richmond County, where Dempsey resided, on November 29, 1950 in Book 316, page 227.

Dempsey defaulted and the surety completed the contract at a cost to it for materials and labor in the sum of $23,370.45. The defendant paid over to the surety the balance due under the contract except $5,023.82 which defendant was forced to pay to the United States who was threatening to levy on the property

of the defendant for the payment of federal taxes due it by Dempsey Construction Company, the trade name under which the United States claimed Walter Dempsey operated.

The defendant filed a third-party complaint against the United States and prays judgment for restitution in the event defendant is compelled to pay this sum over to the plaintiff. The United States moved to dismiss for want of jurisdiction.

The validity of similar assignments under construction contracts has been often sustained in this circuit and in cases arising under the laws of North Carolina. National Surety Co. v. County Board of Education, 4 Cir., 15 F.2d 993; Hartford Accident & Indemnity Co. v. Coggin, 4 Cir., 78 F.2d 471.

■ If the allegations of the pleadings are proven, the surety was the owner of any balance due by the defendant to Dempsey, the original contractor. The fund did not belong to Dempsey and he had no interest therein when the government served notice of attachment or levy on December 7, 1951. The surety's prior lien on the balance under the contract takes priority over any subsequent lien, whether attachment or otherwise, even against a trustee in bankruptcy. Hartford Accident & Indemnity Co. v. Coggin, supra.

■ The defendant could have enjoined the enforcement of the levy against the defendant because the tax agent had no lawful right to take it away from the defendant, defendant not being the taxpayer. Shelton v. Gill, 4 Cir., 202 F.2d 503; New York Casualty Co. v. Zwerner, D.C., 58 F.Supp. 473; Stuart v. Chinese Chamber of Commerce, 9 Cir., 168 F.2d 709.

■ The defendant by paying over the fund instead of letting the Collector actually seize it or get an injunction is not shut off from relief; the payment was in no sense voluntary, and if the facts are true defendant is entitled to restitution. "Where the tax official would be privileged to act in this way without further judicial process if the tax were valid, payments thus made are not voluntary, and the fact that taxpayer could have secured an injunction does not preclude the right to restitution." Restatement of the Law, Restitution, page 323.

■ It follows that if the defendant is forced to pay this fund to the surety (plaintiff), then defendant is entitled to recover it from the United States if it is not rightfully entitled to hold it. The United States can not in natural justice and equity keep this sum of money which it took away from defendant on the illegal pretext that it was the property of Dempsey and free from the prior lien of the surety. What Mr. Justice Roberts said in Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 700, 79 L.Ed. 1421, applies to this case:

"The United States, we have held, cannot, as against the claim of an innocent party, hold his money which has gone into its treasury by means of the fraud of their agent. [Case cited.] While here the money was taken through mistake without any element of fraud, the unjust retention is immoral and amounts in law to a fraud on the taxpayer's rights. What was said in the State Bank Case [United States v. State Nat. Bank, 96 U.S. 30, 24 L.Ed. 647] applies with equal force to this situation. 'An action will lie whenever the defendant has received money which is the property of the plaintiff, and which the defendant is obliged by natural justice and equity to refund. The form of the indebtedness or the mode in which it was incurred is immaterial."

■ It seems clear that the defendant could maintain an action to recover the amount and that the district court has jurisdiction of such an action. Tucker v. United States, 42 F.Supp. 292, 95 Ct.Cl. 415; Kirkendall v. United States, 31 F.Supp. 766, 90 Ct.Cl. 606. In Tri-State Ins. Co. v. United States, D.C., 129 F.Supp. 115, jurisdiction was lacking be-

cause of the amount exceeding the statutory limitation.

If, therefore, an independent action could be maintained against the United States to recover the fund, there is no valid reason why the United States should not be brought in here as a third-party defendant. Rule 14, Federal Rules of Civil Procedure, 28 U.S.C.A. The practice was approved in United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 under the Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq.

There is no other forum where the conflicting claims of the surety, the Board of Education and the United States can be determined at one time. The one trial should constitute a final determination as to all of the parties. If the United States can succeed ultimately in retaining the money to which it is not justly entitled, it is not forced to depend on technical procedure to sustain it.

The motion to dismiss the third-party complaint for want of jurisdiction is denied and the defendant is allowed to file an answer within 30 days.