**ROYAL INDEMNITY CO.**

v.

**BOARD OF EDUCATION OF MOORE COUNTY.**

Civ. 308.

United States District Court M. D. North Carolina.

May 7, 1956.

Helms, Mulliss, Charlotte, N. C., for plaintiff.

W. D. Sabiston, Jr., Carthage, N. C., for Board of Education.

E. M. Stanley, U. S. Atty., Greensboro, N. C., for United States.

HAYES, District Judge.

The court wrote an opinion in this case at the time it overruled the motion to dismiss the third party complaint and it is not necessary to restate what was said in that opinion. 137 F.Supp. 890.

The facts are not in dispute. The Royal Indemnity Co. Inc. was a surety for Walter Dempsey on a contract whereby he agreed to furnish the materials and labor to erect school buildings for the Board of Education of Moore County. He induced Royal Indemnity Co. to go on his bond for faithful performance of his contract including payment for the material and labor in the erection of the building and executed an assignment to the surety of all retained percentage, equipment, materials etc. to indemnify the surety against any loss or expense incurred by it in completing the performance of the contract. This written agreement was recorded Dec. 2, 1950 in Register of Deeds Office of Moore County in Book 98, page 110; also in Rich-mond County, where Dempsey resided, on November 29, 1950 in Book 316, page 227.

Dempsey defaulted in the execution of the contract and the surety was required to complete the contract at a cost to it for materials and labor in the sum of $23,370.45. This exceeded the balance due the principal under the contract. The Board of Education paid over to the surety the balance in its hands except $5,023.82 which the Board of Education wrongfully paid over to the Collector of Internal Revenue for the United States to prevent the Collector from levying on the property of the defendant for the payment of federal taxes due the United States by Dempsey Construction Co., the trade name under which the United States claimed Walter Dempsey operated.

The validity of similar assignments under construction contracts has been sustained in this Circuit and in cases arising under the laws of North Carolina. National Surety Co. v. County Board of Education, 4 Cir., 15 F.2d 993; Hartford Accident & Indemnity Co. v. Coggin, 4 Cir., 78 F.2d 471.

The defendant Moore County Board of Education could have enjoined the enforcement of the levy against it because the tax agent had no lawful right to take it away from the defendant, the defendant not being the taxpayer. Shelton v. Gill, 4 Cir., 202 F.2d 503. Where the tax official would be privileged to act in this way without further judicial process if the tax were valid, payments thus made are not voluntary, and the fact that the taxpayer could have secured an injunction does not preclude the right to restitution. Restatement of the law, Restitution, page 323. It follows that the plaintiff is entitled to recover this sum of money from the defendant together with interest and costs.

The United States challenged the jurisdiction of the court in respect to the right of the Board of Education to implead the United States as a third party defendant and moved to dismiss. The comment of this court in overruling the

motion to dismiss applies here. There seems to be no valid reason why the Board of Education should not be entitled to recover of the defendant the sum of $5,023.82 which it wrongfully took away from the Board of Education of Moore County. The United States cannot in natural justice and equity keep this sum of money on the illegal pretext that it was the property of Dempsey and free from the prior lien of the surety. What Mr. Justice Roberts said in Bull v. U. S., 295 U.S. 247, 55 S.Ct. 695, 700, 79 L.Ed. 1421 applies to this case:

"The United States, we have held, cannot, as against the claim of an innocent party, hold his money which has gone into its treasury by means of the fraud of their agent. [case cited.] While here the money was taken through mistake without any element of fraud, the unjust retention is immoral and amounts in law to a fraud on the taxpayer's rights. What was said in the State Bank case [United States v. State Nat. Bank, 96 U.S. 30, 24 L.Ed. 647] applies with equal force to this situation. 'An action will lie whenever the defendant has received money which is the property of the plaintiff, and which the defendant is obliged by natural justice and equity to refund. The form of the indebtedness or the mode in which it was incurred is immaterial.'"

Undoubtedly jurisdiction exists under the Tucker Act by way of independent action. Tucker v. United States, 42 F.Supp. 292, 95 Ct.Cl. 415; Kirkendall v. United States, 31 F.Supp. 766, 90 Ct.Cl. 606. There is no excuse for ignoring jurisdiction here and requiring independent action. United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523.

While the United States should be required to pay the interest and costs incurred I am unable to find any power of the court to compel it. Walling v. Norfolk Southern Ry. Co., 4 Cir., 162 F.2d 95; Ewing v. Gardner, 341 U.S. 321, 71 S.Ct. 684, 95 L.Ed. 968. As to interest see United States v. Alcea Band of Tillamooks, 341 U.S. 48, 71 S.Ct. 552, 95 L.Ed. 738; United States v. Worley, 281 U.S. 339, 50 S.Ct. 291, 74 L.Ed. 887.